LOUIS CASTANON v. THE STATE.

No. 14010. Delivered February 25, 1931.

The opinion states the case.

*Webb & Felts,* of Austin, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

LATTIMORE, JUDGE.—Conviction for transporting intoxicating liquor; punishment, two years in the penitentiary.

The facts show without dispute that on the occasion in question appellant drove a car in which was a jug containing intoxicating liquor, along a public highway. He took the stand in his own behalf and defended on the proposition that he borrowed the car from a man named Garcia and did not know there was any liquor in the car at the time he so drove same. On cross-examination he admitted that he did not know Garcia very well, also that the car in which said liquor was transported, was at the time of trial the car of appellant, and that he had made no effort to obtain the testimony of Garcia, etc., etc. The jury were justified in rejecting the testimony of appellant and concluding him guilty.

Bill of exception No. 1 brings forward objections to the testimony of the officer who observed appellant driving the car, and discovered the whisky in it and arrested appellant. The grounds of objection are that the facts detailed by the officer were not sufficient to show the existence of probable cause for the search, which was without a warrant. It is needless for us to discuss the lack of merit of the proposition. Appellant took the stand himself and admitted all the facts thus testified to by the officer. The authorities are too numerous to need citation. When the evidence obtained by a search, the authority for which is questioned, is put before the jury from some other source without objection, the error, if any, of such admission will be of no avail.

The next bill of exception contains only the objection of the appellant to a question propounded to him while on the witness stand as to whether he was making Garcia's deliveries for him that day. We see no merit in the bill. It was part of a proper cross examination of the accused. Another bill complains of the refusal of what would have been tantamount to a peremptory instruction in favor of the accused.

The bill presents no error. There was no necessity for the court' setting out in his charge to the jury the instances in which one may lawfully transport intoxicating liquor. No such defense is interposed in this case.

The judgment will be affirmed.

*Affirmed.*